Defendant tendered the following issue: "What (192) damage, if any, has defendant sustained by reason of the loss of its business and sacrifice of its property by reason of the breach of the contract?" This was refused, and defendant excepted. Many other exceptions were noted to the rejection of evidence bearing upon this contention. For the reasons given in plaintiff's appeal, we concur with his Honor. It may be well that defendant was crippled in his business and ultimately compelled to close it out because plaintiff did not take the lumber as he contracted to do, but it would be impossible to carry on the business affairs of life if, in the absence of any stipulation for indemnity against such remote results, a breach of contract entailed such liabilities. How is it possible for a court or jury to know, or by any competent testimony to ascertain, whether a continuation of the business would have brought profit to defendant, or the amount of such profit? The changes and *Page 158 
chances of business and industrial life are too uncertain to form the basis of verdicts. To many sanguine minds fortunes are foreseen in all enterprises. Unfortunately, while the general result of commercial and industrial enterprises add to the wealth of the State, experience and observation teach us that a large proportion, if not a majority, of individuals go down in the struggle. Whether the defendant would have made money by continuing his business is uncertain; how much he would have made is beyond any human power to conjecture. To hold plaintiff an insurer of success, and the extent of it in dollars and cents, would be to impose liabilities never contemplated and render business more hazardous than it now is.
Without further pursuing an interesting but elusive subject, we have no hesitation in affirming his Honor's ruling.
Affirmed.
Cited: Elks v. Ins. Co., 159 N.C. 628.
(193)